## T. O. COVINGTON v. MRS. ANNIE BULLEFIN.

Western Section. November 9, 1925.

Certiorari denied by Supreme Court February 13, 1926.

1. Judgments. **Decree in a suit to sell property of person under disability not subject to collateral attack because proceedings not in compliance with code.**
    In an action to avoid contract to buy real estate because the title was not good because of proceedings in a suit to sell property of a person under disability were not in accordance with the provisions of Code 5073, held the judgment in such a suit is not subject to collateral attack because proceedings not in compliance with the directions of the Code.

2. Judgments. **Judgment not subject to collateral attack because it fails to properly protect interest of minors and unborn children.**
    It is always the duty of the court to look after and protect the interest of minors and unborn children, and on appeal from a decree which fails to give such protection, appellate court would correct the decree, but where the money is paid into court and after the sale is complete if the court makes an erroneous order in regard to the disposition of the proceeds of the sale of realty, and there is no appeal, the error cannot invalidate the sale.

Appeal from Chancery Court, of Haywood County; Hon. V. H. Holmes, Chancellor.

Affirmed.

Bond and Bond, of Brownsville, for appellant.

Kinney and Wills, of Brownsville, for appellee.

HEISKELL, J. This suit was brought in the chancery court of Haywood county, Tennessee, by the appellant, complainant below, to recover of the appellee, defendant below, the sum of $2000 paid to the appellee by the appellant on the purchase price of a certain storehouse in the town of Brownsville, Tennessee, which the appellee, by written agreement, had contracted to sell to the appellant, and to execute a good and valid deed conveying to him a good and indefeasible title to same. After the contract of sale had been made and the $2000 paid, the appellant was advised that the appellee's title to said property was not good and valid, whereupon he demandad that the $2000 paid by him be returned. The appellee insisted that her title to said property was good and declined to refund the money. The right of the appellant to recover in this case depends solely upon the validity of appellee's title to said property. If she is seized of a good and valid title to said property

the appellant is not entitled to recover the said sum of $2000, but is entitled to have said property conveyed to him. On the other hand, if the title of the appellee to said property is not good, the apellant is entitled to a decree against the appellee for the sum paid.

The bill alleges that these parties entered into a contract in writing by which the appellee contracted to sell and convey to the appellant a certain storehouse in the town of Brownsville, Tennessee, and the appellant agreed to buy the same and to pay therefor as set out in the contract, the appellee contracting to convey a good and valid title, in fee. Said contract was filed as Exhibit A to the bill.

That the appellant, in accordance with the terms of said contract, paid to the appellee $2000 on the purchase price. That thereafter the appellant, being advised that appellee's title to said property, was not good, declined to consummate said trade and demanded a return of the $2000, which was refused. That the title of the appellee to said property is not good and valid.

That said property was formerly owned by W. T. Bullefin, husband of the appellee, who was seized of a good title to the same, and that appellee claims title to a one-half interest in said property, under the will of her deceased husband, W. T. Bullefin. But the complainant charged that she only received a life interest in one-half of said property, by virtue of the said will and not a fee title. The bill further alleged that the appellee claimed the other one-half interest in said property by virtue of decrees of the chancery court of Haywood county, Tennessee, in cases of Joe Bullefin, et al., v. Mrs. Annie Bullefin, et al., and Mrs. Annie Bullefin v. Lewis Hawkins, et al., but the complainant charged in said bill that said decrees were void the court being without jurisdiction to pronounce the same.

The bill further charges that said property was owned by W. T. Bullefin, who by his will devised the same together with other property, under items four and five thereto, which are as follows:

"Item 4. I direct that my executrix and executor hereinbefore named invest $25000 of my person estate in lands and have the title to same made as follows, to-wit: $5000 worth of land to be purchased by them and the title to same made to my niece Annie McConnico, wife of Burke McConnico, for and during her natural life and at her death to her lawful issue; $5000 worth of land to be purchased by them and the title to same made to my niece Binford Hawkins, wife of Lewis Hawkins, for and during her natural life and at her death to her lawful issue; $5000 worth of land to be purchased by them and the title to same made to my nephew, Joseph Bullefin, and at his death to his lawful issue, and the other $5000 to be divided into

three parts and invested in land for the benefit of the three children of my deceased niece Willie Carlton in the manner above set out and as follows, to-wit: $1666.66 2/3 worth of land to be purchased by them and the title made to my great niece Mamie Carlton for and during her natural life and at her death to her lawful issue. $1666.66 2/3 worth of land to be purchased chased by them, and the title to same made to my great niece Lula Carlton for and during her natural life and at her death to her lawful issue. $1666.66 2/3 worth of land to be purchased by them and the title to same made to my great nephew Sidney Carlton for and during the natural life of said Sidney Carlton and at his death to his lawful issue, and if any of said beneficiaries set out in this item dies without such issue then the land held by them as is above set out to go to the issue of the survivors equally. And in making the purchases as herein directed, the executrix and executor are requested to consult the wishes of the party for whom they are making such purchase as to location and price of same, but the power to purchase is given absolutely to said executrix and executor.

Item 5. I give and devise to my beloved wife Annie Bullefin all of the balance of my real estate wherever situated for and during her natural life and at her death the same to be sold and the proceeds thereof to be disposed of as follows, to-wit: One-half of such proceeds to go to whomsoever she may designate and the other half of such proceeds to be invested in real estate in the manner and in the proportions as is set out in item fourth hereof to the parties therein named for life and at their death to their lawful issue.''

A certified copy of said will was filed as exhibit to the bill.

The bill further charged that on the 16th of April, 1923, Joe Bullefin for himself and as next friend of his minor children and others filed a bill in the chancery court of Haywood county, Tennessee, against the appellee, Mrs. Annie Bullefin, the executrix of the estate of W. T. Bullefin and the minor children of certain nieces and nephews of the deceased, W. T. Bullefin, seeking the partition of the properties devised under the fourth and fifth items of said will, including property involved in this cause, and to have a contract for the sale of said properties ratified and confirmed by the court, in which bill it was alleged that Mrs. Bullefin, by virtue of said will, was the owner of a one-half interest in said property and that the other parties to the suit were the owners of a four-fifths undivided interest in remainder in the other half of said property, Mrs. Bullefin owning same for life. It was also alleged in said bill that they had contracted to sell their interest in said properties to the said Mrs. Annie Bullefin for consideration of $5000 to each of the said branches of the family of W. T. Bullefin. The bill in this case al-

leged that the Hawkins heirs who represented one branch of the Bullefin family and, as such were the owners of a one-fifth interest in said property, were not made parties to the suit, so that one-fifth interest in said property, or rather the owners of one-fifth of one-half of said property were not parties to this suit.

The bill in the instant case alleged that said suit being one in partition, or for a sale for partition, the decrees rendered in said cause, vesting said title to said property in the appellee was void for the reason that the court was without jurisdiction to pronounce said decree, first, because the owners of a contingent interest have no right to maintain suit for partition, and further because an undivided portion of land is not the subject of partition.

The bill further alleged that if the court be of the opinion that said suit was not one in partition, but was a suit to sell the property of persons under disability, as provided by section 5072 et seq. of Shannon's Code, the proceedings were void and the decree void for the reason that said suit was not brought in the name of husband or guardian of such person under disability, as provided by section 5073 of the Code.

The bill also alleged that the decree pronounced in said cause was void, even if the court should hold that the sale of the property was had under the inherent jurisdiction of the chancery court to convert realty into personalty, for the reason that such facts that would justify the court in ordering the sale of said property, were not alleged in said bill, nor proven in the case. The bill further alleged that for these reasons the appellee did not acquire any interest in said property under said decree.

The bill further alleged that thereafter the appellee, claiming to be the owner of all of the interest in said property, other than the interest owned by the Hawkins heirs, to-wit a one-tenth interest, filed a bill for partition in the chancery court of Haywood county, Tenessee, against the Hawkins children, who were minors, and their father, who was their regular guardian, in which it was alleged that she and the Hawkins heirs were the owners in fee of said property. That in this cause a decree was pronounced, confirming a sale to the appellee of said properties, including the storehouse involved in this suit. It was alleged that if the first suit was void, this proceeding would likewise be void, in that the appellee, being a life tenant, could not maintain suit for partition, and that therefore the appellee did not obtain any title or interest in said property by virtue of the decree pronounced in the last case.

It was further alleged that the decree pronounced in the first case was erroneous in that it was adjudged that the appellee was the owner of a one-half interest in said property, in fee, by virtue of said will, and the owner of the other one-half interest in same for life, under said will; that she only took a life estate in the property

devised to her, under the 5th item of said will; that the decree was erroneous in adjudging that the parties had a right to have the property sold, the whole scheme of the will contemplating a sale of the property at the death of the widow; that the decree was erroneous and void, in that it failed to preserve the interests of the contingent remaindermen in the proceeds of the sale.

The bill further alleged that the decrees in both of said cases were void and not binding on children then unborn, and who would be entitled to take an interest in said property, under the terms of the will, because neither of said bills invoked the doctrine of virtual representation, while under the will of W. T. Bullefin children born of his neices and nephews, up to the date of the death of Mrs. Bullefin, would be entitled to an interest in said property. The bill made special reference to the records, files and decrees in the two cases above referred to, and gave notice that the same would be read on the hearing of the cause.

The appellee answered the bill, in which she insisted that she had a good title to said property, that she acquired a fee title to one-half interest in same under the will, a life estate in the other one-half interest, and that she had acquired the remainder interest in this one-half interest by virtue of the two suits above referred to; that the decrees in said two causes were valid, and that she was the owner in fee of said property.

The cause was heard before the chancellor, at Chambers, on the bill, exhibits thereto, answer, and the records and decrees in the cases above referred to, when the chancellor dismissed the bill and taxed the appellant with the costs, the learned chancellor being of the opinion that the appellee was seized of a good and valid title to said property, and hence the appellant was not entitled to recover, but was entitled to a deed to said property, from the appellee, upon his complying with the terms of said contract. To this action the appellant excepted and prayed and was granted an appeal to this court. Said appeal has been properly perfected.

The assignments or error are as follows:

## I.

The court erred in decreeing that the appellee was seized of a good and valid title to said property described in the bill.

## II.

The court erred in decreeing and holding that the appellant was not entitled to recover of the appellee the said sum of $2000, paid to appellee by him, as a part of the purchase price on said storehouse.

III.

The court erred in dismissing the bill and taxing the appellant with the costs of the cause, for the court should have held that the title of the appellee to said property was not good, and that, therefore, the appellant was entitled to recover of the appellee the sum paid to her as part of the purchase price of said storehouse and lot.

They are intended to raise in this court the same questions raised in the lower court by the bill, the substance of which has been fully set out above.

It is insisted that the defendant, Annie E. Bullefin, did not take an absolute title to an undivided one-half of the estate of W. T. Bullefin, under the fifth item of his will. If this is an open question, it is no doubt a serious one. The rule is that where, by will, a life estate is created and afterwards the life tenant is given an unlimited power of disposition, that the result is to vest the absolute title in the devisee.

In Troup v. Hart, 66 Tenn., 188, the court held that under the following language: "I will and bequeath to .my loving wife, Margaret Galbreath, to have and to hold during life and to make what disposition she may see proper at her death," the widow took an absolute title to the property in question.

The same result was reached in Turney v. Durham, 12 Lea, 316, and Bradly v. Carnes, 94 Tenn., 28, and other cases.

The class of cases holding that the power of disposition was not unlimited and therefore only a life estate vested, is illustrated by— Deadrick v. Armour, 10 Hum., 588; Pillow v. Rye, 1 Swan, 186; Downing v. Johnson, 5 Cold., 229; Pool v. Pool, 10 Lea, 486; Journalman v. Massengale, 2 Pickle, 81.

The rule, as said before, is "if the first taker is given an estate for life, coupled with an unlimited power of disposition, the limitation over is void. If the power is dependent on a contingency, or the power be definitely qualified, the estate of the first taker is limited to life and the remainder over takes effect."

The question here is, in which of these two classes of cases the language of the Bullefin will falls. Mrs. Bullefin is not given the property for life, with power to dispose of it as she may see proper, at her death, as in the Troup v. Hart case, but she is given the property during her natural life, with directions that it be sold at (which means after) her death, with the right to her to designate to whom one-half of the proceeds shall go.

But if it be conceded that under a proper construction of the will, in the present case, Mrs. Bullefin took only a life estate, does this help the complainant?

As set out in the bill herein, on the 16th of April, 1923, Joe Bullefin, for himself and as next friend of his minor children and oth-

ers, filed a bill in the chancery court of Haywood county against Mrs. Annie Bullefin and the minor children of certain nieces and nephews of W. T. Bullefin. This was a suit asking a construction of the will of W. T. Bullefin and seeking a confirmation by the chancery court of a sale of four of the five interests in remainder, into which the half interest of the estate in which the widow claimed only a life estate, had been divided by the will.

The adult parties had negotiated a sale to Mrs. Annie Bullefin of said four interests, at and for the sum of $5000 for each, or $20,000 in all. It is alleged that this price is a full and fair price and that said sale is to the manifest interest of the parties under disability. Proof was taken to sustain the allegations of the bill; the minors, who were made defendants, were represented by guardian ad litem, and the chancellor construed the will, as asked in the bill, holding that under the fifth clause of the will Mrs. Annie Bullefin took an absolute title to an undivided one-half of said estate, as her life estate was coupled with an unlimited power of disposition. He held that the sale of the four interests was manifestly to the advantage of the parties in interest, and the respective interests are set out and defined, and the purchaser, Mrs. Bullefin, ordered to pay the money, $20,000 into court. The court also held that the adult parties were entitled to have the value of their life estates fixed and paid to them out of said fund. The title of all said remaindermen was divested, and vested in Mrs. Annie Bullefin.

The result of this decision, if valid and binding, was to give Mrs. Bullefin title to one-half of the estate, in fee, by virtue of the construction of the fifth clause of the will, and four-fifths of the other half of the estate by the purchase confirmed by the court.

Thereupon, as further set out in complainant's bill, Mrs. Annie Bullefin on October 9, 1923, filed her bill against Lewis Hawkins and his children by his deceased wife, Binford Hawkins, who had died before the testator, W. T. Bullefin.

In this bill Mrs. Bullefin claimed to own all of said estate except the one-fifth of one-half represented by Binford Hawkins and her children, and prayed that the will of W. T. Bullefin be construed and that it be decreed that complainant have set apart to her, in kind, her interest in said property, and that there be set apart to the defendants the part to which they are entitled.

On October 22, 1923, Lewis Hawkins, as guardian of his three minor children, Margaret, Ramsey and Juanita filed an answer, in which Mattie Hawkins joins for herself, she being of age. In this answer they admit the interest of the said Annie Bullefin, as set out in her bill, and that they, the defendants, own the rest of the estate; that, since the filing of the bill they, the said defendants, have made an agreement with said complainant, Annie Bullefin by

which a tract of 107 1/2 acres of land, described, is to be set apart to them, the defendants, in fee, and Mrs. Bullefin is to pay them $1000, in cash, in satisfaction of their interest, and that their interest in the rest of the property is to be vested in Mrs. Bullefin. They ask to have this agreement ratified and confirmed, claiming that it is manifestly to their interest to have such a decree.

Proof was taken to show the value of the 107 1/2 acres and that it was to the best interest of the Hawkins children to have said agreement ratified. On the hearing the chancellor again construed the will of W. T. Bullefin and held the interest of said Annie Bullefin to be as claimed by her, that is, one-half of the estate absolutely and one-half for life, under the will, and four-fifths of the one-half remainder interest by purchase. The court ratified and confirmed the agreement, vested title to the 107 1/2 acres in the Hawkins children and their one-tenth remainder interest in Mrs. Bullefin.

There has been no appeal from either of said decrees. The first one was entered on the 26th day of April, 1923; the last one on the 22nd day of October, 1923. Clearly, if these decrees are valid and binding, it is not material whether the court committed error or not in deciding said cases.

It is contended for the complainant that the decree in the case of Joe Bullefin v. Annie Bullefin, is void because it was a partition suit and all the property was not before the court, and also because there cannot be a partition of contingent interests.

We think the suit was not a partition suit, but a suit to sell the property of persons under disability. Complainant then says, even if this be true, the decree is void because the proceeding was not in accordance with the provisions of Code 5073. The answer to this is that our court has decided too often to require the citation of authority that while the lower courts should insist on a compliance with the Code provisions, in regard to the sale of property of persons of disability, yet the court having inherent jurisdiction, where a decree is called in question collaterally it will not be held void because the proceeding was not in compliance with the directions of the Code.

Another contention is that even if said proceeding be considered one under the inherent jurisdiction of the court to convert realty into personalty, still the decree is void because the facts that would justify such action by the court are not alleged and proven. This contention is not sound. If the court had jurisdiction of subject-matter and parties it is at least doubtful whether the decree could be attacked for the reason stated in this objection, but passing this, we think the allegations of the bill and the proof fully support and warrant the action in ratifying the sale negotiated out of court.

Again, it is said the court should not have allowed the life estate of Joe Bullefin to be calculated and paid out of the fund in that case. Suppose it be admitted that this was error. If the purchaser obtained title at all she obtained it on confirmation of the sale and payment of money into court and of the decree vesting title. Her title could not be divested by any subsequent error of the chancellor in decreeing how the money should be paid out.

It is further contended for complainant that the rights of unborn children may be involved in this Joe Bullefin case and that the doctrine of virtual representation cannot be relied on because, in the first place, it was not expressly invoked, and, in the second place, the decree must protect the interest of unborn children.

The defendant relies on two cases especially as showing that the doctrine of virtual representation is applicable if it be necessary. Freeman v. Freeman, 9 Heis., 301; Ridley v. Halliday, 106 Tenn., 607. In neither of these cases was the doctrine directly invoked, yet it was applied. In the Joe Bullefin case, the different interests and the different classes were described and distinguished, so that it could be seen that there were members of each class before the court. In Ridley v. Halliday, the doctrine was carried much farther than is necessary to cover this case. That was a case of the sale of contingent interests, under a proceeding addressed to the inherent jurisdiction of the court, and not according to the provision of the Code. But it is said for complainant that in Ridley v. Halliday, the Court said: "The decree must award the several parties the same interest in its proceeds which they enjoyed in the realty, and provide for the protection of same." This is true. It is always the duty of the court to look after and protect the interest of minors and unborn children, and on appeal from a decree which fails to give such protection, this court would correct the decree, but where the money is paid into court and after the sale is complete the court makes an erroneous order in regard to the disposition of the proceeds of the sale of the realty, and there is no appeal, the error cannot invalidate the sale.

Brief for complainant cites Brown v. Brown, 86 Tenn., 277, to show that the doctrine of virtual representation cannot be applied. That case says:

"Where it is attempted to proceed against two or three individuals as representing a numerous class, it must be alleged in the bill that the suit is brought against them in that character, otherwise the other members of the class will not be affected by the proceedings."

That was a different case and a different question. That was a case of making certain members of a class all in esse parties and omitting others. That rule has no application to a case where all

parties in esse are before the court, but children born hereafter may have an interest. This case is like Redley v. Halliday, and Freeman v. Freeman, and not like Brown v. Brown.

If the decree in Joe Bullefin v. Annie Bullefin, was not void, then Mrs. Bullefin had an interest in the estate which made her partition suit with the Hawkins heirs entirely regular. She owned one-half in fee, a life estate in one-half and four-fifths of the remainder interest in the latter half. This gave her a right to partition as against the Hawkins children.

As to the two cases, the court had jurisdiction of the subject-matter and of the parties. The decrees are final and unappealed from. The decrees are now called in question collaterally and it is sought to show error in the rulings of the chancellor, in order to impeach the title of the defendant. A third party can attack a decree collaterally only by showing that the court did not have jurisdiction of either the subject-matter or of the parties. This the complainant has failed to do. The assignments of error are overruled and the decree of the chancellor is affirmed. Decree will go against the complainant and his surety on the appeal bond for the costs of the appeal.

Owen and Senter, JJ., concur.